**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

Safani Gallery, Inc.,

                Plaintiff,

v.                                  Civil Action No. 1:19-cv-10507-VSB

The Italian Republic,

                Defendant.

_____

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Safani Gallery, Inc., hereby respectfully moves this Honorable Court, pursuant to Rules 20(a)(2), 21, and 15(a)(2) of the Federal Rules of Civil Procedure, and as authorized by the Court's August 2, 2021 Opinion and Order [ECF# 50 at 12], for leave to file a second amended complaint. Attached hereto as exhibits 1 and 2 respectively are a redlined version of the First Amended Complaint reflecting the revisions Plaintiff requests leave to make and a "clean" version of the proposed Second Amended Complaint reflecting the revisions identified in the redlined version, per the Court's August 2, 2021 Opinion and Order [ECF# 50 at 12].

Plaintiff wishes to make clear at the outset that by drafting this proposed Second Amended Complaint, Plaintiff does not intend to abandon or waive any claims previously made and which the Court found deficient and subject to dismissal in its Opinion and Order [ECF# 50]. Plaintiff respectfully takes exception to the Court's factual findings and conclusions of law in its Opinion and Order [ECF# 50] and respectfully believes that the Court overlooked record facts material to its conclusions and failed to credit inferences favorable to the Plaintiff and supported by evidentiary materials in the record, and otherwise failed to properly apply the applicable legal standards.[1] Plaintiff preserves those arguments for appeal and should not in any

_____

[1] Respectfully, the following are just some examples: the Court found that the facts surrounding the seizure of the Head were simply that the Manhattan DA received a call from MiBAC who

way be deemed to abandon or waive its arguments by now proposing a Second Amended

Complaint based on the Court's Opinion and Order [ECF# 50].

Plaintiff incorporates by reference herein its Response [ECF# 29 through 29-9] to the

---

reported that the Head 'was a stolen object[] rightfully owned ... by" an arm of the Italian government and that in response to this, the DA obtained a warrant and oversaw the seizure of the Head.  The Court then found that "[W]ith only these facts before (the Court), (the Court) (has) no basis to infer that the DA was controlled by Italy in how it executed its process pertaining to the Head." [ECF# 50 at 8].  Later, the Court finds that Safani actually alleged that the "Head was taken as part of a law enforcement investigation, i.e., for a public purpose." [ECF# 50 at 9].  In truth, there was no ongoing investigation.  No one ever had claimed this piece was stolen and the facts provided Dr. Fortini, Italy's purported expert as to this piece, completely undercut the claim on which the claim of "stolen" is based. [ECF# 29 at 3-6; 10-11].

The Court omits from its discussion entirely the facts alleged that there was no ongoing law enforcement investigation, that the Manhattan DA had no time for an investigation and certainly did not and could not have performed one between the call from MiBAC and the seizure, that MiBAC did not just (falsely) report the Head stolen, it "demand(ed)" the return of the Head to MiBAC [ECF# 29-2], and the Manhattan DA did not seize the Head for any law enforcement purpose and had no probable cause to believe a crime had occurred.  Rather, it filed a document to initiate a summary "turnover" proceeding for the sole purpose of transferring possession of the Head from Mr. Safani to MiBAC [ECF# 29-1; 29-3].  That is not a law enforcement purpose and, of course, no criminal proceeding was initiated, nor could it have been on the undisputed facts.  This was nothing less than an effort by MiBAC and Italy to circumvent the obligation under international law to make just compensation under such a circumstance, with the Manhattan DA, its willing conduit.  Those are the facts alleged and they give rise to reasonable inferences that support Plaintiff's allegations, and are supported by record evidence. Indeed, a recent article that appeared on July 20, 2021 in *Cultural Property News* documents the problem arising from dubious claims by Italy that artifacts have been stolen, when the true facts reveal otherwise.
HTTPS://CULTURALPROPERTYNEWS.ORG/A-TALE-OF-TWO-SEIZURES-ANTWERP-BASEL-AND-THE-CARABINIERI/

Whether a MiBAC employee came to Safani Gallery and grabbed the piece or, as here, the Manhattan DA seized the piece pursuant to MiBAC's "demand" and took it solely for the purpose of transferring it to MiBac's possession (exactly what the Manhattan DA seeks in its state court application), it is the unlawful taking of the valuable property of a bona fide good faith purchaser for value American citizen without just compensation for the purpose of putting it into Italy's possession.  That violates international law, including Italy's voluntarily undertaken obligations signed onto by both Italy and the United States.

Defendant's Motion to Dismiss [ECF## 22-24] and relies upon the same in support of this motion. Plaintiff assumes the Court's familiarity with the allegations in the case [ECF# 19] and the parties' submissions in connection with the Defendant's Rule 12(b)(1) motion to dismiss [ECF## 22-24; 29; 34] and refers to the same here where relevant, while trying to minimize the burden on the Court from any undue repetition.

## Background Relevant to this Motion

On July 20, 2020, Plaintiff filed an Amended Complaint as a matter of course under F.R.C.P. 15(a)(1) [ECF# 19]. In the Amended Complaint, the only named party Defendant is the Italian Republic.

Plaintiff previously sought leave to file a Second Amended Complaint, adding MiBACT as a party-defendant, while adding no new claims [ECF# 37]; however, the Court denied leave to file that Second Amended Complaint without prejudice [ECF# 50 at 12] and gave Plaintiff until today to file another motion for leave to file a Second Amended Complaint [*Id*.].

Plaintiff now seeks leave to file a Second Amended Complaint in order to add parties (Cyrus Vance, Jr., the New Your County District Attorney; MiBACT, once again, but with additional allegations; and the Head of Alexander, as an *in rem* defendant) and additional claims (claims under 42 U.S.C. §1983, with respect to Defendant Vance).

## Relevant Legal Framework

A motion to amend a Complaint in order to add a party triggers analysis under Rules 15(a)(2), 20, and 21 of the Federal Rules of Civil Procedure. *See e.g., Blesedell v. Mobil Oil Co.*, 708 F. Supp. 1408, 1421 (S.D.N.Y. 1989); *Hernandez v. Sikka*, 2019 U.S. Dist. LEXIS 42799, *9-*11 (E.D.N.Y., March 15, 2019).

3

Rules 20, provides, *inter alia*, for the permissive joinder of additional parties. It provides, in pertinent part, that a parties can be joined as defendants in an action if two conditions are met:

**(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and**

**(B) any question of law or fact common to all defendants will arise in the action.**

The rule permits the efficient resolution of all claims in one lawsuit and is to be construed liberally. *Blesedell v. Mobil Oil Co.*, 708 F. Supp. 1408, 1421 (S.D.N.Y. 1989); *Altowaiti v. Cissna*, 2018 U.S. Dist. LEXIS 97672, *3-*7 (S.D.N.Y., June 11, 2018); Richard Freer, *4 Moore's Federal Practice - Civil §20.02 [1][a]* (2020). The two components of the Rule are cumulative and joinder is only proper if both are satisfied. *Blesedell*, *Id*.; The allegations in the Complaint are to be taken as true for purposes of considering whether joinder is proper under Rule 20. *Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55, 61-62 (S.D.N.Y., December 9, 2005).

In the instant case both requirements under Rule 20 are readily met. Any right to relief in this case clearly arises out of the same transaction, occurrence, and series of occurrences and the allegation, if joinder is permitted, is that the defendants are jointly and severally liable to the Plaintiff. There are multiple questions of law and fact common to both defendants. [ECF# 19; 29]. The *in rem* defendant is, of course, the *res* whose ownership is at the heart of the case.

Where, as here, the Plaintiff seeks to add a party-defendant, the appropriate mechanism to do so is through a motion to amend, under Rule 15(a)(2). *Moore's, Id., at 20.02 [2][a][ii]*. As with other motions to amend, leave to amend is to be "freely given" by the express terms of Rule 15(a)(2). *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011)*; Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012); *Assam v. Deer Park*

*Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995). In the case of an amendment to add a party defendant under Rule 20, the amendment should be permitted unless the defendant makes a strong showing that to permit the requested joinder would be unfair. *Gursky v. Northwestern Mut. Life Ins. Co.*, 139 F.R.D. 279, 282 (E.D.N.Y. 1991); *Expoconsul Int'l, Inc. v. A/E Sys., Inc.*, 145 F.R.D. 336, 337-338 (S.D.N.Y. 1993) (motion to amend to add new party granted despite 5 year delay). There can be no such showing here.

Defendant has known the allegations Plaintiff makes about MiBACT from the onset of the case and it is the Defendant that has argued all along in its defense that the New York County District Attorney is the proper party defendant in this case, for it is that office that actually seized the *res*. The *res* of course, and a determination as to who owns it also has been the well-known key issue in this case underlying the litigation.

"Amendments are generally favored because they tend to facilitate a proper decision on the merits." *Johnson v. Landmark Hosp. LLC*, 2016 U.S. Dist. LEXIS 26499, 2016 WL 843286, at *2 (E.D.N.Y. Mar. 1, 2016) (citing *Blaskiewicz v. Cty. of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998)); *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 302 (E.D.N.Y. 2013).

The liberal standard under Rules 15(a)(2) and Rule 20 requires only that the movant provide "colorable grounds" for the relief sought. *See UMG Recordings, Inc. v. Lindor*, 2006 U.S. Dist. LEXIS 83486, 2006 WL 3335048, at *2 (E.D.N.Y. Nov. 9, 2006); *Alkhatib v. New York Motor Group, LLC*, 2015 U.S. Dist. LEXIS 72055, 2015 WL 3507340, at *7 (E.D.N.Y. June 3, 2015) ("If the movant has at least colorable grounds for relief, justice . . . requires that the court grant leave to amend the complaint."); *Fiske v. Church of St. Mary of the Angels*, 802 F. Supp. 872, 877 (W.D.N.Y. 1992).

A motion to amend should be granted unless there is evidence of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182, (1962)); *see Alexandre v. Town of Hempstead*, 275 F.R.D. 94, 97 (E.D.N.Y. 2011) (citing *Foman*, 371 U.S. at 182); *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (citing *Barrows v. Forest Laboratories*, 742 F.2d 54, 58 (2d Cir. 1984) (footnote omitted); *Zahra v. Town of Southold*, 48 F.3d 674, 686 (2d Cir. 1995). There can be no such showing here.

"The party opposing a motion to amend typically bears the burden of establishing that the amendment should be denied. *See Joinnides v. Floral Park-Bellerose Union Sch. Dist.*, 2015 U.S. Dist. LEXIS 42933, 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015), quoting *Cummings-Fowler v. Suffolk Cty. Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012). *See Hernandez v. Sikka*, 2019 U.S. Dist. LEXIS 42799, *9-*11 (E.D.N.Y., March 15, 2019)

"Mere delay . . ., absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Accord State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 845-46 (2d Cir. 1981) (permitting amendment three years after action commenced); *Middle Atl. Utilities Co. v. S. M. W. Dev. Corp.*, 392 F.2d 380, 383 (2d Cir. 1968) (same); *Hall v. N. Bellmore Union Free Sch. Dist.*, 2010 U.S. Dist. LEXIS 27448, 2010 WL 1049280, at *1 (E.D.N.Y. Mar. 18, 2010) (two years), on reconsideration, 2010 U.S. Dist. LEXIS 54120, 2010 WL 2267399 (E.D.N.Y. May 30, 2010); *Hinds County, Miss. v. Wachovia Bank N.A.*, 885 F. Supp. 2d 617, 626 (S.D.N.Y. 2012) (citing *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234-35 (2d Cir. 1995)).

"When considering whether the defendant . . . will be unduly prejudiced by the proposed amendment [to the pleadings], the Court must consider whether the proposed amendment . . . would (1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction." *In re Kessler*, 2009 U.S. Dist. LEXIS 76301, 2009 WL 2603104, at *7 (E.D.N.Y. Mar. 27, 2009) (citations and internal quotation marks omitted); *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 538 (E.D.N.Y. 2010) (citing *Blaskiewicz*, 29 F. Supp. 2d at 137-38) ("The party opposing an amendment has the burden of proving that leave to amend would be prejudicial.").   Clearly, none of these concerns applies here at this early pre-discovery and pre-scheduling order stage in this case.

To establish that a proposed amendment would be futile, the party opposing the amendment must show that the proposed amendment would not be sufficient to state a cause of action (withstand a Rule 12(b)(6) motion). *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000) Where the viability of the amendment turns on findings of facts, as here, leave to amend should not be denied on futility grounds.  *S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Building 1 Housing Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979) (reversing denial of motion to amend).  It is the opposing party who bears the burden to establish that an amendment would be futile.[2] *See Vila v. Prima Contra. Ltd.*, 2020 U.S. Dist. LEXIS 95952, *6-*9, 2020 WL 3035202 (E.D.N.Y., May 29, 2020); *Balk v. N.Y. Institute of Technology*, 2013 U.S. Dist. LEXIS

---

[2]  At least one court in this District has questioned whether "futility" is a part of the analysis for a motion to amend specifically to add a party as a matter of permissive joinder under Rule 20.  *See Leifer v. JPMorgan Chase Bank, N.A.*, 2020 U.S. Dist. LEXIS 40830, *7; 2020 WL 1130727 (S.D.N.Y., March 9, 2020). Plaintiff respectfully submits that "futility" should not be part of the analysis; however, for the sake of completeness, Plaintiff will address this element as well.

144073, 2013 WL 6990767, at *5 (E.D.N.Y., September 30, 2013); *Alkhatib*, 2015 U.S. Dist. LEXIS 72055, 2015 WL 3507340, at *7; *Blaskiewicz v. Cty. Of Suffolk*, 29 F. Supp. 2d 134, 137-38 (E.D.N.Y. 1998) (citing *Harrison v. NBD Inc.,* 990 F. Supp. 179, 185 (E.D.N.Y. 1988)).

 In short, the standard for permitting an amendment to add a party-defendant is an exceedingly liberal one under each of the applicable rules.   *Hernandez*, *Id*., at *13-*17.   And, especially where, as here, the Defendants unquestionably have "knowledge of the facts giving rise to the proposed claim[,]" this "weighs in favor of permitting amendment." *Id.; Murphy v. Suffolk Cty. Cmty. Coll.*, 2011 WL 5976082, at *3 (E.D.N.Y. Nov. 29, 2011).   And here the only new claims are attached directly to a party sought to be added.   All relevant criteria for leave to file a Second Amended Complaint are met here.

### Application of These Legal Principles to the Facts Here:

There has been no inordinate delay in this case and certainly no undue delay, dilatory tactics, or bad faith attributable to the Plaintiff.   Nor can there be any legitimate claim of unfair prejudice to the Defendant.   Defendant has been aware of these parties and their roles at all times.

As to MiBACT, Safani already has argued at length why it appropriately should be a party-defendant and Safani reiterates those reasons and incorporates that motion and exhibits here [ECF# 37]; however, the Court has rejected that effort [ECF# 50 at 12]. Plaintiff is attempting again to add MiBACT, based on the facts now alleged in the proposed Second Amended Complaint.   Defendant has been aware at all times of MIBACT's role, the allegations as to MIBACT's conduct, and the issues already have been addressed in the context of the motion to dismiss [ECF# 29; 34].   *See Hernandez*, 2019 WL 1232092, at *5 (E.D.N.Y. Mar. 15, 2019).   There would be no undue prejudice to Defendant to permit the addition of MiBACT as a

party-defendant.

As for the adding the New York County District Attorney as a party-defendant and the additional claims directed toward his conduct, it has been the Defendant's position all along in this case that that office is the proper party-Defendant in this case and is the party responsible for and that engaged in the seizure of the Head of Alexander. Similarly, throughout the Court's Opinion and Order, the Court expresses the view that it is the New York County District Attorney whose actions really are at issue here [E.g. ECF# 50 at 8-9]. According, it is perfectly appropriate to amend now to add Mr. Vance, in his official capacity as a party-defendant in order to adjudicate the conduct at issue.

Finally, it is appropriate to invoke the Court's *in rem* jurisdiction, with respect respect to the *res* at issue here - the Head of Alexander - the ownership of which is at the heart of the case. Let all claimants come forward and make their claim as to the right to own this *res*. It is located in this District and it is the object around which all of the litigations is centered.

## Conclusion

Based on the foregoing, leave to file a Second Amended Complaint should be granted. This Court is the proper and most appropriate forum in which the claims underlying this case should be resolved, after full discovery and with due process.

Respectfully Submitted,

_____/s/ David I. Schoen_____
David I. Schoen (DS 0860)
Counsel for Plaintiff, Safani Gallery, Inc.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have caused a true and accurate copy of the foregoing Motion to be served on all counsel of record by filing the same electronically through the Court's ECF system on this 23rd day of August, 2021.


_____/s/ David I. Schoen_____
David I. Schoen (DS 0860)
Counsel for Plaintiff, Safani Gallery, Inc.

David I. Schoen
Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone:  334-395-6611
Facsimile: 917-591-7586
E-Mail: DSchoen593@aol.com