# AMINEDDOLEH&ASSOCIATESLLC

43 West 43 Street, Suite 171
New York, NY 10036

T 212 709 8149
info@ArtandIPLawFirm.com
www.ArtandIPLawFirm.com

September 14, 2021

**BY ECF**

Honorable Vernon Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

> **APPLICATION GRANTED**
> **SO ORDERED** [signature]
> **VERNON S. BRODERICK**
> **U.S.D.J.** 9/15/2021
>
> Defendant can submit a sur-reply of no more than two pages that is limited to addressing Republic of Turkey v. Christie's, Inc., 17-cv-3086 (AJN), 2021 WL 4060357 (S.D.N.Y. Sep. 7, 2021).

Re: <u>Safani v. The Italian Republic</u>, 19-CV-10507 (VSB)

Your Honor:

We serve as counsel for the Defendant in the above-captioned case (the Italian Republic, henceforth "Italy") and write to respectfully request leave to file a brief sur-reply to address matters raised in Plaintiff's *Reply to Defendant's Opposition [ECF #53] to Motion for Leave to File Second Amended Complaint [ECF #51] and Incorporated Memorandum of Law* (ECF #58, hereafter "Reply"), pursuant to Rule 4(b) of your Individual Rules & Practices in Civil Cases. The proposed sur-reply would be no longer than 2-3 pages in length and narrow in scope, as it would be limited to addressing a ruling cited by Plaintiff that was issued just last week.[1] We informed opposing counsel of our intent to request a sur-reply by electronic communication and received a negative response.

While the Second Circuit has held that granting leave to file a sur-reply is "subject to the sound discretion of the court," *De Pedrero v. Schweizer Aircraft Corp.*, 635 F.Supp.2d 251, 258 (W.D.N.Y. 2009), leave will generally be granted if the movant aims to provide new information relevant to the disposition of the case or would be unable to contest matters presented to the court for the first time in the opposing party's reply. *See Anghel v. New York State Dept. of Health*, 947 F.Supp.2d 284, 293 (E.D.N.Y. 2013); *Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D.D.C. 2001). A sur-reply is most appropriate where the new matter introduced is factual in nature, rather than simply expanding upon claims made in the original motion. *See US ex rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc.*, 238 F.Supp.2d 270, 276 (D.D.C. 2002); *Crummey v.*

---

[1] We do not concede Plaintiff's remaining allegations, but believe we have established sufficient supporting evidence rebutting them in our prior briefs; therefore, they do not warrant further discussion in the proposed sur-reply.

1

*Social Sec. Admin.*, 794 F.Supp.2d 46, 63 (D.D.C. 2011). As the issues addressed by the recent ruling are factual in scope and were not addressed in the original motion, we believe a sur-reply is both appropriate and necessary.

Plaintiff relies on *Republic of Turkey v. Christie's, Inc.*, 2021 WL 4060357 (S.D.N.Y. Sep. 7, 2021), as evidence that Italy's claim to the Head "would fail miserably" during a full judicial proceeding in this Court. Reply p. 5. While we take exception to this statement generally, it must be noted that the case is distinguishable from the instant matter. Most importantly, *Rep. of Turkey v. Christie's* does not address the FSIA and does not even delve into subject-matter jurisdiction. Turkey voluntarily waived its foreign sovereign immunity and filed suit to litigate its ownership claim over the relevant antiquity (hereafter "the Idol"). Italy has not done so, and in fact has been adamant about preserving its immunity under the FSIA. Plaintiff's claims that Italy is attempting to avoid adjudication and due process in this forum are speculative; Italy is merely upholding the rights conferred on it as a foreign sovereign nation by the U.S. government under the FSIA.

Second, the facts in the Idol matter are starkly different than those here. The Head's excavation was part of a State-sponsored dig, its subsequent storage was in an Italian museum, and its disappearance from the museum was noted in an official archive. On the other hand, the Idol was not excavated during any State-sanctioned project, details of its discovery are unknown, and the contention is that it was illicitly dug from within the borders of Turkey.

Should leave be granted, we propose to submit the requested sur-reply by Monday, September 20, 2021, which is the deadline to file the sur-reply under Rule 6.1(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

We thank the Court for its consideration of this matter.

Respectfully submitted,

By: *s/ Leila A. Amineddoleh* Bar Number 1211
Amineddoleh & Associates LLC
Leila A. Amineddoleh

43 West 43rd Street, Suite 171
New York, NY 10036
Telephone: 212 709-8149
Email: Leila@artandiplawfirm.com

*Attorney for Defendant, La Repubblica Italiana*